UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEBORAH LYNN SMITH, )<br>)<br>        *Plaintiff* )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security,* )<br>)<br>        *Defendant* ) | No.  1:15-cv-258-JHR |

*MEMORANDUM DECISION*[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge wrongly failed to find her mental impairments of anxiety disorder, personality disorder, alcohol dependence, and marijuana abuse were severe, that she improperly disregarded the opinion of a treating source, and that she improperly evaluated her credibility. I vacate the commissioner's decision and remand this case for further proceedings consistent herewith.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 16, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me preside over all proceedings in this case, including the entry of judgment. ECF No. 18.

degenerative disc disease of the thoracic and lumbar spine and hypertension, impairments that were severe but which did not meet or equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 13-15; that she had the residual functional capacity ("RFC") to perform light work, but could only occasionally stoop, kneel, crouch, crawl, or climb ramps and stars, could never climb ladders, ropes or scaffolds, and must avoid unprotected heights, Finding 5, *id*. at 15-16; that she could return to her past relevant work as a general office clerk, Finding 6, *id*. at 18; and that she, therefore, had not been disabled from January 1, 2006, the alleged date of onset of disability, through the date of the decision, January 30, 2014, Finding 7, *id*. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20

C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

The statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Step 2 Issues

The plaintiff contends that the administrative law judge committed reversible error when she failed to find that the plaintiff's anxiety disorder, personality disorder, alcohol dependence, and marijuana abuse were severe impairments at Step 2 of the sequential evaluation process. Statement of Specific Errors ("Itemized Statement") (ECF No. 13) at 1-7. Because the administrative law judge must evaluate the severity of a claimant's impairments, and the work-related limitations that they may cause, in the absence of alcohol and substance abuse or dependence, 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935, failure to characterize alcohol and substance abuse or dependence as severe can only be harmless error.

The plaintiff's argument is derived entirely from the report of Adrienne Butler, Ed.D., a consulting psychologist who examined the plaintiff once.[2] The administrative law judge said the following about Dr. Butler:

> A consultative evaluation found that the claimant had anxiety disorder, dysthymic disorder, alcohol dependence and personality disorder but gave her a Global Assessment of Functioning (GAF) score of 60 (Exhibit 16F).  There has not been steady, consistent mental health treatment on the part of the claimant.  While there are references to anxiety and depression there is no indication that these impairments have persisted or that the symptoms associated with them have risen to the level of a severe impairment (Exhibits 12F, 25F and 26F).
> 
> * * *
> 
> As for the opinion evidence, no weight is given to the 2008 opinions or the 2012 opinion of the state agencies, as said opinions were made prior to later admitted material evidence (Exhibit 9A; 7F; 8F; 9F; 10F).  For similar reasons, reduced weight is given to the consultative examiner's opinion and the treating source opinion, as these opinions are now over a year old; nonetheless, the opinions themselves do not reflect limitations of a disabling nature or inconsistency with the overall assessment made herein (Exhibit 15F; 16F).

Record at 14, 18.

The plaintiff asserts that "Dr. Butler's diagnoses and medical source statement are consistent with her observations[,]" and "consistent with other evidence of record." Itemized Statement at 4. The fact, however, that a particular opinion is consistent or finds support in other medical evidence in the record is not the test here; the question is whether the administrative law judge's conclusion is supported by substantial evidence. The plaintiff addresses this point when she contends that the administrative law judge "did not provide an appropriate explanation for rejecting the opinions of Dr. Butler." *Id.* at 5.

---

[2] At oral argument, the plaintiff's attorney asserted that, because an administrative law judge "set up" Dr. Butler's consultative examination of the plaintiff after determining that she needed more information, she could not reject Dr. Butler's opinions.  He cited no authority in support of this argument, and I am aware of none.  More important, the argument is built on a false premise.  There are many reasons for an administrative law judge to seek a consultative examiner's opinion, and many reasons why he or she would nonetheless reject that opinion.

The plaintiff argues that the administrative law judge must explain "why a report from an examining medical source dated February 12, 2012[,] should be relegated [to] reduced weight when considered as part of a hearing held on January 6, 2014." *Id*. at 5-6. She contends that Dr. Butler's opinion "is entirely inconsistent [with] the ALJ's opinion that the Plaintiff's mental impairments have no more than a minimal effect on her ability to work." *Id*. at 6. That is not entirely accurate, but, even if it were, that inconsistency does not mandate remand.

Dr. Butler's opinion is not the only medical opinion in the record, and, even if it were, the administrative law judge could reject it without creating reversible error. The burden of proof is borne by the claimant at Step 2. If there were no evidence to support a conclusion that the plaintiff's anxiety and personality disorders were severe impairments, there would be no error in a finding that they were not severe. In any event, the administrative law judge gave Dr. Butler's opinions "reduced weight" not only because she found them untimely, but, more importantly, because her report did not "indicate[] that these impairments have persisted or that the symptoms associated with them have risen to the level of a severe impairment." Record at 14.

That view of Dr. Butler's opinions is accurate. The opinions in Dr. Butler's report upon which the plaintiff relies are expressed in conditional terms:

> She would likely have difficulty with abstract reasoning and need enhanced verbal mediation. Ms. Smith is apt to have difficulty with the retention of verbal information . . . . She does have observable intermittent attention and concentration difficulties and may have difficulty sustaining prolonged task focus. Ms. Smith is apt to be able to interact socially adequately in a small familiar setting but is prone to anxiety/panic attacks in large group or public settings. She would likely have difficulty with adaptation should pressured or speeded performance be required.

*Id*. at 593. Such opinions "do not . . . translate actual or expected difficulties into specific limitations" and may be rejected for that reason, *Sheldon v. Colvin*, Civil No. 2:13-CV-315-DBH, 2014 WL 3533376, at *5 (D. Me. July 15, 2014), so long as there are independent findings that

support the rejection. *Estey v. Colvin*, Civil No. 1:13-cv-45-DBH, 2014 WL 1513341, at *5 (D. Me Apr. 16, 2014). Here, the independent findings include the facts that the plaintiff had not sought "steady, consistent mental health treatment," Record at 14; that the plaintiff had only mild limitations in the functional areas of activities of daily living, social functioning, and concentration, persistence, and pace, with no episodes of decompensation of extended duration, *id*. at 14-15; that Dr. Butler's opinions predate "later admitted material evidence," *id*. at 18; and that there are inconsistencies between those opinions and the objective findings, *id*.[3]

The plaintiff is not entitled to remand on the basis of her Step 2 arguments.

### B. RFC Issues

The plaintiff next challenges the administrative law judge's "fail[ure] to provide any record citation to support the finding that the Plaintiff's pain is adequately addressed." Itemized Statement at 8. To the contrary, the administrative law judge said the following:

> Although the claimant reports significant physical limitations, the overall record indicates and suggests that her pain and symptoms are reasonably controlled with medication and home treatment options. Evidence shows that the claimant often elects to use over-the-counter medication such as aspirin and ibuprofen to treat her pain as opposed to stronger medicine such as[] the previously prescribed[] Flexeril (Exhibit 20E; 15F, p.1; 21F, p.2, 3; 26F, p.6). She also admits to smoking marijuana nightly, allegedly for restless leg symptoms. Based on the viability of the conservative form of medication treatment and self-medication options chosen by the claimant, the undersigned finds that her pain levels are reasonably and adequately managed such that she can be expected to perform full-time work consistent with the residual functional capacity assessed above.

Record at 16-17. The cited exhibits include the plaintiff's report in her application for benefits that she takes Aleve and Tylenol, *id*. at 408; she reported using trazodone for sleep and "the only

---

[3] I reiterate that the plaintiff's contention that she is entitled to remand because "[t]he ALJ cites no medical source to support the finding that the Plaintiff's medically determinable mental impairments are not severe[,]" Itemized Statement at 6, rests on an incorrect premise. It is the plaintiff's burden to establish the severity of an impairment at Step 2; it is not the administrative law judge's burden to establish that an impairment is not severe. In addition, Dr. Butler's report does not support the plaintiff's suggestion that she had suffered "a substantial loss in the ability to understand, remember, and carry out simple instructions[.]" *Id*. at 7.

other medicine she takes is Excedrin and a daily vitamin," *id*. at 584; on November 15, 2013, she reported only Lisinopril as a medication, *id*. at 666; on January 15, 2013, she reported taking only Amlodipine for blood pressure and Advil as needed, *id*. at 688.

Next, the plaintiff argues that the administrative law judge's conclusion that her non-compliance with medical directives led to "exacerbated symptomatology" that otherwise would not have existed, and her conclusion that the plaintiff's pain is adequately addressed by medication "cannot co-exist." Itemized Statement at 9. Again, to the contrary, the two conclusions are not mutually exclusive. The administrative law judge assigned the plaintiff an RFC for light work with postural limitations. Record at 15-16. This RFC allows for a level of symptoms, including pain, that limited her capacity for work but was not disabling as she contends, to the extent that she complied with medical directives.

The plaintiff next argues that the administrative law judge did not evaluate her credibility properly. Itemized Statement at 12-13. She supports this conclusion with the assertions that "[t]he ALJ's reasons for her credibility finding are not grounded in the evidence. The ALJ's determination that the Plaintiff is not compliant with treatment is not supported by substantial evidence." *Id*. at 13. She also contends that the administrative law judge's observation that she continued to smoke after being told to stop by one or more treatment providers and that she drank a lot of coffee are "immaterial" to a consideration of her credibility. *Id*.

This court has held that "noncompliance with medical advice to cease smoking is a permissible basis on which to discount a claimant's credibility." *Hadley v. Colvin*, No. 2:14-cv-77-JHR, 2014 WL 7369501, at *4 (D. Me. Dec. 28, 2014). The administrative law judge's reliance on the plaintiff's limiting herself to conservative treatment, one of several stated bases for the administrative law judge's evaluation of the plaintiff's credibility, Record at 16-17, has already

been discussed. *See also* Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2015) at 140 ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure."). The administrative law judge also correctly concluded, *see, e.g., Laverdiere v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00112-JAW, 2011 WL 1379874, at *4 (D. Me. Apr. 11, 2011), that the plaintiff's reported activities of daily living were not consistent with the disabling level of pain that she reported. Record at 17; 290 (part-time work as short-order cook at time of application for benefits); 331 (job history); 352-59 (plaintiff's report of activities of daily living); and 384-91 (same). I have already discussed the evidence of noncompliance with ordered medical treatment.

The administrative law judge's treatment of the question of the plaintiff's credibility is not grounds for remand.

The final issue raised by the plaintiff under the RFC rubric is the administrative law judge's error in describing the reports of two consultant examiners as those of treating sources and her failure to address the opinions of Molly Biehl, D.O., who was a treating source. Itemized Statement at 11-12. The plaintiff cites no authority for her necessarily-implied assertion that mischaracterization of an examiner's report as one from a treating source entitles an applicant to remand, and I am not aware of any. In any event, considering the opinions of an examiner as those of a treating source, to which greater weight is generally to be given, 20 C.F.R. §§ 404.1527(c), 416.927(c), could only be favorable to the plaintiff in this instance because the administrative law judge found an RFC that was more limited than did either examiner. *Compare* Record at 15-16 *with id*. at 82-87, 112.

The defendant contends that the administrative law judge's failure to mention Dr. Biehl's opinions is harmless error. Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 11. On November 30, 2011, Dr. Biehl limited the plaintiff to lifting no more than 15 pounds, no constant standing, no pushing or pulling, and no repeated bending of the back. Record at 603. A follow-up visit was to take place in two months. *Id*. The same limitations were given at that time, and again after another two months. *Id*. at 601, 598.

The plaintiff does not indicate how evaluation of Dr. Biehl's opinions would necessarily change the outcome of her application for benefits. The lifting limitation varies by five pounds. "No constant standing" fits within the limit in the RFC of standing for up to six hours in a workday. "No repeated bending of the back" corresponds to the RFC's limit to occasional stooping, kneeling, crouching, or crawling, none of which are implicated in any event for the plaintiff's past relevant work as a general office clerk,[4] to which the administrative law judge found that she could return. Record at 18. However, Dr. Biehl's preclusion of pushing or pulling is absent from the administrative law judge's RFC.

> This court has identified as a "bedrock Social Security principle[]" that:
>
> an administrative law judge many not simply ignore the opinions of treating sources or Disability Determination Services ("DDS") expert consultants, but must take them into consideration and explain the weight accorded them, *see, e.g.,* Social Security Ruling 96-5p, reprinted in *West's social Security Reporting Service* Rulings 1983-1991 (Supp. 2009) ("SSR 96-5p") at 127 (even as to issues reserved to the commissioner, "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)"); Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2009) ("SSR 96-8p") at 150 (an administrative law judge can reject a treating-source opinion as to RFC but "must explain why the opinion was not adopted"); Social Security Ruling 96-6p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2009) ("SSR 96-6p"), at 129[.]

*Kelly v. Astrue*, Civil No. 09-78-B-W, 2009 WL 3152796, at *3 (final parenthetical omitted).

---

[4] *See Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991), § 219.362-010.

9

But, this court has also said the following:

> Nonetheless, a failure of articulation [in failing to discuss treating source's RFC opinion]—while hardly to be emulated or encouraged—does not constitute reversible error when, as here, the court nonetheless readily can discern substantial support for the administrative law judge's findings in the record.

*Kane v. Astrue*, Civil No. 08-271-B-W, 2009 WL 902068, at *2 (D. Me. Mar. 31, 2009).

The defendant argues that this substantial support can be found in the opinions of the state-agency physicians who reviewed the plaintiff's medical records, including Dr. Biehl's notes, and found that the plaintiff could occasionally lift, carry, push, and pull up to 20 pounds. Opposition at 11-12. However, the administrative law judge expressly disavowed reliance on these opinions. Record at 18.

The defendant asserts, without citation to authority, that "[t]he fact that the ALJ did not rely on the State agency physician[s'] opinions does not render the RFC finding unsupported by substantial evidence." Opposition at 12. That may be true when there is other substantial evidence in the record that the administrative law judge does not expressly reject, but that is not the case here. *See, e.g., Colwell v. Astrue*, Civil No. 10-cv-113-JD, 2010 WL 4683768, at *5- *6 (D.N.H. Nov. 10, 2010); *Barton v. Astrue,* 495 F.Supp.2d 504, 508-09 (D. Md. 2007).

Where, as here, the administrative law judge has expressly rejected the only evidence cited by the defendant as "readily discernable substantial support" for an RFC that does not match the limitations of a treating medical source, here Dr. Biehl, otherwise unmentioned in the administrative law judge's written opinion, remand is in order.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED** and the case **REMANDED** for proceedings consistent herewith.

Dated this 27th day of April, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge